IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**TYRONE L. HUTCHERSON,**

          **Plaintiff,**

     v.                              CASE NO.  08-3259-SAC

**WARDEN RICHARDSON,**
**et al.,**

          **Defendants.**

### O R D E R

This civil rights complaint was filed pursuant to 28 U.S.C. § 1331, by an inmate of the CCA Detention Center, Leavenworth, Kansas (CCA).  Defendants are Warden Richardson and "Sgt. Monroe", employees at the CCA.


**MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES**

Plaintiff has filed an Application to Proceed Without Prepayment of Fees (Doc. 2).  However, his motion does not conform to the statutory requirements.  28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff has submitted the form affidavit, but has not provided the certified statement of his inmate account. He will be given time to provide the statement for the requisite

period of time.  This action may be dismissed if plaintiff fails to either file the document required to support his motion, or pay the filing fee of $350.00.

**FACTUAL BASIS AND CLAIMS**

As the factual basis for this complaint, Mr. Hutcherson alleges the following.  On July 2, 2008, he was moved to the shower area thirty minutes before Officer Monroe informed him that he was being moved to a different cell.  Plaintiff informed an officer "of an issue with the inmate" in the new cell[1] "and refused to move."  He was told by defendant Monroe that he would remain in the shower area with no food or drink until he moved to the assigned cell. Plaintiff was left in the shower area with no bathroom break or place to sit for six hours, and was given nothing to eat or drink for lunch.  His request to speak to the Chief of Security was denied until shift change when correctional officers spoke with the Chief of Security, who at 5:30 p.m. changed the move from cell L-208 to L-102.

Plaintiff asserts he was subjected to cruel and unusual punishment and punishment without due process.  He seeks the "maximum relief allowed for such violations," and a "revisement of procedures to stop future violations."

**SCREENING**

Because Mr. Hutcherson is a prison inmate, the court is required by statute to screen his complaint and to dismiss the

---

[1] Plaintiff alleges the inmate in this new cell was a member of a rival gang with whom he had a problem earlier that week.

2

complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for reasons that follow.

**FAILURE TO ESTABLISH A FEDERAL CAUSE OF ACTION**

Plaintiff has not alleged sufficient facts to establish a cause of action against CCA employees under 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395-97 (1971).  Bivens held that "plaintiffs may sue federal officials in their individual capacities for damages for Fourth Amendment violations, even in the absence of an express statutory cause of action analogous to 42 U.S.C. §1983."  Id.; Carlson v. Green, 446 U.S. 14, 18 (1980)(recognizing a parallel cause of action for Eighth Amendment violations).  However, the proper defendant in a Bivens action under § 1331 is a federal official or agent.  See Correctional Services Corp. v. Malesko, 534 U.S. 61 (2001); Peoples v. CCA Detention Centers, 422 F.3d 1090, 1101 (10th Cir. 2005)("[T]here is no implied private right of action for damages under Bivens against employees of a private prison for alleged constitutional deprivations when alternative state or federal causes[2] of action for damages are available to the plaintiff."); Lindsey v. Bowlin, 557 F.Supp.2d 1225, 1230 (D.Kan. 2008)(same).  Plaintiff alleges no facts tending to establish that

---

[2]   In one prior case, for example, Kansas law was found to provide a negligence remedy against CCA employees for injuries arising from Eighth Amendment violations.  See Peoples, 422 F.3d at 1103.

3

the defendant employees of the CCA acted herein as federal agents[3] or that state law provides no remedy.

The CCA is a private prison facility, where plaintiff is being held pursuant to a contract with the U.S. Marshal's Service. He does not specifically request money damages, but generally asks for "the maximum relief allowed for such violations." He makes the conclusory statement that each defendant was "acting in his official capacity as an employee of the United States." However, these individuals are private employees of a private corporation, rather than employees of the United States. Plaintiff alleges no facts showing that CCA employees may be held liable for money damages under Bivens and § 1331. If defendants are not shown to have acted as federal agents, plaintiff's recourse would be an action filed in state court, provided such an action is available.

**FAILURE TO ALLEGE PERSONAL PARTICIPATION OF WARDEN**

Furthermore, plaintiff does not allege sufficient facts demonstrating that defendant Warden Richardson personally participated in the alleged incident. See Woodward v. City of Worland, 977 F.2d 1392, 1400 (10th Cir. 1992). Plaintiff's statement that he wrote a letter to the warden regarding the incident but received no response, is not sufficient to demonstrate the warden's personal involvement in the allegedly unconstitutional acts.

**FAILURE TO STATE FEDERAL CONSTITUTIONAL VIOLATION**

---

[3] Even if the defendant CCA employees were shown to have acted as federal agents, they could not be sued in their official capacities under Bivens, based on sovereign immunity principles. Bivens actions may proceed against federal officials in their individual capacities only.

4

Even if plaintiff were able to establish that he has a cause of action under § 1331/<u>Bivens</u> against the defendant CCA employees, the facts alleged in the complaint fail to state a federal constitutional violation. A pro se complaint must be given a liberal construction. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>see</u> <u>Jackson v. Integra Inc.</u>, 952 F.2d 1260, 1261 (10th Cir. 1991). However, a broad reading of the complaint does not relieve the plaintiff of the burden of alleging sufficient facts to state a claim on which relief can be based. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991); <u>see</u> <u>Riddle v. Mondragon</u>, 83 F.3d 1197, 1202 (10th Cir. 1996).

To succeed on an Eighth Amendment claim based on conditions of confinement, an inmate must allege facts indicating the deprivation is "sufficiently serious" and that prison officials acted with "deliberate indifference to inmate health or safety." <u>Fogle v. Pierson</u>, 435 F.3d 1252, 1260 (10th Cir.), <u>cert</u>. <u>denied</u>, 127 S.Ct. 675 (2006). This deliberate indifference standard includes both an objective and subjective component. <u>Martinez v. Garden</u>, 430 F.3d 1302, 1304 (10th Cir. 2005). To satisfy the objective component, a prisoner must show that he or she is "incarcerated under conditions posing a substantial risk of serious harm." <u>Farmer</u>, 511 U.S. at 834. "The objective component is met if the deprivation is 'sufficiently serious'." <u>Martinez</u>, 430 F.3d at 1304, *quoting* <u>Farmer</u>, 511 U.S. at 834 (quotation omitted). "[O]nly those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)(internal citation and quotation omitted). Areas of basic

5

human need include "shelter, sanitation, food, personal safety, medical care, and adequate clothing." Clemmons v. Bohannon, 956 F.2d 1523, 1527 (10th Cir. 1992); see also Farmer v. Brennan, 511 U.S. 825, 832-33 (1994).

The "subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Martinez, 430 F.3d at 1304 (quotation omitted). It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).

Plaintiff's allegations fall far short of indicating that he was subjected to an excessive risk to his health or safety; or that defendant Monroe, the only person alleged to have personally participated in the incident, acted in a deliberately indifferent manner to such a risk. Taken as true, plaintiff's allegations that he spent six hours in uncomfortable conditions and was not provided lunch can hardly be thought of as an excessive risk to his health or safety. Although plaintiff also complains that there was no toilet in the shower room, he does not allege that he asked to use a toilet but was refused. Thus, plaintiff does not allege sufficient facts to support his claim of cruel and unusual punishment. Nor does he allege that he was injured as a result of this brief incident.

Plaintiff's claim of denial of due process is equally without factual or legal support. Plaintiff is not entitled to a due process hearing each time he is assigned to a different cell. Nor

6

was he entitled to a hearing before being temporarily held in uncomfortable conditions after he refused to move to a newly assigned cell. Moreover, it appears that plaintiff was able to obtain relief from the complained-of conditions after a few hours by contacting the Chief of Security. He alleges no facts indicating he is entitled to further relief in federal court. Nor does he allege facts from which the court might infer a "real and immediate" threat that the alleged wrongs will recur in the future so that prospective relief is warranted.

Plaintiff will be given the opportunity to file a supplement to his complaint including additional facts to show a federal constitutional violation. If he fails to comply with this Order and to allege sufficient additional facts to show he is entitled to relief in federal court, this action will be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court a certified copy of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2); and to file a Supplement to his complaint stating additional facts to support a federal constitutional claim.

**IT IS SO ORDERED.**

Dated this 1st day of December, 2008, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge